UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DLG CONSTRUCTION, INC.
D/B/A SOUTHPOINT BUILDERS,

    Plaintiff,

v.                        Case No. 8:24-cv-2571-VMC-CPT

PATRIOT CONSTRUCTION
MANAGEMENT, LLC,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Non-Party Patriot's Motion to Intervene, and Patriot's/RoofConnect's Joint Motion for Substitution of Parties Defendant (Doc. # 18), filed on December 12, 2024. For the reasons that follow, the Motion is granted.

**I.**   **Background**

On December 11, 2024, the parties filed a joint motion to compel mediation/arbitration and to stay proceedings. (Doc. # 17). The Court granted the motion and stayed this case on December 13, 2024. (Doc. # 19).

However, on December 12, 2024, Defendant RoofConnect Logistics, Inc. ("RoofConnect") and Non-party Patriot Construction Management ("Patriot") filed the instant Motion

1

to Intervene or for Substitution of Parties, which remained pending at the time the stay was entered. (Doc. # 18). Therefore, the Court lifts the stay for the sole purpose of deciding the Motion. The Motion is unopposed and thus ripe for review.

## II.  Discussion

Federal Rule of Civil Procedure 25(c) provides that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

RoofConnect and Patriot submit that Patriot, rather than RoofConnect, is the real party in interest in this action. (Doc. # 18 at 2). RoofConnect explains that it transferred its interest in the subcontract at issue in this action to Patriot. (Id. at 2-4). Indeed, an assignment of the interest was executed on December 6, 2024. (Id. at Ex. 2). Therefore, Patriot and RoofConnect jointly request that this Court substitute Patriot as the defendant in this action, or, alternatively, permit Patriot to intervene.

Counsel for Plaintiff DLG Construction, Inc., which does business as Southpoint Builders ("Southpoint"), signed the Motion. (Id. at 6). Regardless, Southpoint did not file a

2

response in opposition within fourteen days. Therefore, the Court treats the Motion as unopposed.

Considering RoofConnect's assignment of the subcontract to Patriot and that Southpoint does not oppose, the Court determines that substitution of the defendant is proper.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Non-Party Patriot's Motion to Intervene, and Patriot's/RoofConnect's Joint Motion for Substitution of Parties Defendant (Doc. # 18) is **GRANTED.**

(2) The stay in this case is lifted.

(3) Patriot Construction Management, LLC is substituted in place of RoofConnect Logistics, Inc. d/b/a Patriot Construction Management as the defendant in this action. The style of this action is amended to reflect the foregoing substitution.

(4) Once this change is effected, the Clerk is directed to once again stay and administratively close this case pending the resolution of the arbitration process.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of January, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3